Citation Nr: 1132149 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 02-20 551 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for migraine headaches. 


REPRESENTATION

Appellant represented by: Daniel Krasnegor, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A.J. Turnipseed, Counsel


INTRODUCTION

The Veteran served on active duty from March 1960 to September 1961. 

This matter comes before the Board of Veterans' Appeals (Board) from a November 2001 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) above, which determined that new and material evidence had not been received to reopen the Veteran's claim of service connection for migraine headaches. 

In August 2003, the Veteran testified before the undersigned Veterans Law Judge via video conference. A transcript of the hearing is associated with the claims file. 

In a September 2004 decision, the Board determined that new and material evidence had been received to reopen the Veteran's claim of service connection for migraine headaches and remanded the claim for additional action. All requested action was completed and the claim was returned to the Board for adjudication, which resulted in the Board's March 2006 decision that denied service connection for migraines. 

The Veteran subsequently appealed the Board's March 2006 decision to the United States Court of Appeals for Veterans Claims (CAVC or Court). In May 2008, the Court set aside the March 2006 Board decision and remanded the Veteran's claim to the Board for additional action consistent with its May 2008 Memorandum Decision. In June 2009, the Board remanded the Veteran's claim to obtain a VA examination and opinion. The Veteran was afforded a VA examination and opinion in December 2009 and April 2010. Accordingly, the claim has been returned to the Board for adjudication. 

Unfortunately, however, additional evidentiary development is needed before a fully informed decision can be rendered in this claim. Therefore, the appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.



REMAND

As noted, in June 2009, the Board remanded the Veteran's claim of service connection for migraines in order to obtain a VA examination and opinion. The Board specifically requested that the VA examiner provide an opinion as to the likelihood that the Veteran's migraine headaches (1) became manifest prior to active service, (2) had their onset during active service, (3) otherwise originated during or are casually related to active service, and/or (4) increased in severity beyond their natural progression during active service. 

In December 2009, a VA physician examined the Veteran, reviewed the claims file, and provided an opinion that it is less likely as not that the Veteran's migraine headaches had its onset during active service, noting that the Veteran's exam and medical records reveal the Veteran had migraines prior to service shortly after a motor vehicle accident. 

Because the December 2009 VA examiner did not provide an opinion regarding whether the Veteran's migraine headaches were aggravated during service, VA obtained a second opinion. In April 2010, a VA nurse practitioner reviewed the claims file and provided an opinion that it is less likely as not that the Veteran's headaches had their onset during active service. She also stated that the Veteran's headaches have not increased in severity beyond the natural progression of headache disease process, noting that the Veteran does not have frequent complaints of headaches or progression of disease process on record. In making this determination, the nurse practitioner noted that the Veteran had documentation of headaches in March and April 2009 and that an April 2009 MRI report was normal. 

While the April 2010 VA examiner provided an opinion addressing whether the Veteran's headaches were aggravated in service, the Board finds that the opinion is inadequate because of the rationale provided in support of the opinion. Indeed, the examiner stated that the Veteran's headaches "have not" increased in severity, noting that frequent complaints of headaches or progression of the disease are not of record. The VA examiner also referred to recent treatment records in making this determination, with no mention of whether there is evidence in the service treatment records which support or oppose a finding of service aggravation. Because of the specific language used, i.e., that the headaches have not increased in severity, and the evidence cited, it seems that the VA examiner considered whether there was current evidence of an increase in severity, as opposed to whether there was evidence of aggravation (a permanent increase in severity) during or by service, which is the critical inquiry in this regard. See 38 U.S.C.A. § 1111; 38 C.F.R. § 3.304(b). 

Therefore, while the Board regrets any additional delay in deciding this matter, the Board finds that a remand is necessary in order to obtain an adequate medical opinion that addresses whether the Veteran's headaches were aggravated during or by service. 

In addition to the foregoing, the Veteran's attorney has recently argued that, because the Veteran was separated from service 18 months early and he was diagnosed with headaches so soon before his separation, his service personnel records (SPRs) should be obtained to document the reasons why the separation occurred. See November 2010 statement from the Veteran's attorney. The Board finds that the Veteran's SPRs may be instructive in determining whether the Veteran was suffering from headaches at the time of separation from service and, thus, should be obtained on remand. See 38 C.F.R. § 3.159(c). 

To ensure that VA has met its duty to assist the claimant in developing the facts pertinent to the claim, and to ensure full compliance with due process requirements, the case is REMANDED for the following development:

1. Obtain the Veteran's service personnel records (SPRs) and associate them with the claims file. Any negative attempts to obtain the SPRs must be documented in the claims file. 


2. Request that the Veteran's claims file be sent to a VA neurologist for an opinion as to the following:

NOTE: Each of the following questions asks whether it is "clear and unmistakable" - this means whether something is obvious or manifest.

a. Is there clear and unmistakable evidence that the Veteran's headache disability was not aggravated by or during service? 

i. In answering the foregoing, the examiner should consider the service treatment records (STRs), particularly the notations of complaints and treatment for headaches in September 1960 and July 1961, the Veteran's report that the headache he was experiencing in July 1961 was the worse episode he had, and the August 1961 separation examination report. The examiner should also consider the Veteran's recent assertion that he was experiencing headaches in service approximately two to three times a month. See November 2010 statement from the Veteran's attorney. 

ii. If the examiner finds that there was an increase in the severity of the Veteran's headaches during service, the examiner must determine (and opine) if the increase was permanent. 


b. If, and only if, the examiner finds there is clear and unmistakable evidence of aggravation (a permanent increase in severity) of the Veteran's headaches, the examiner should provide an opinion as to whether it is clear and unmistakable that the increase was due to natural progression of the disease. 

c. A rationale must be provided for each opinion offered. 

d. If the foregoing questions cannot be answered on a medical or scientific basis and without invoking processes relating to guesses or judgment based upon mere conjecture, the examiner should clearly and specifically so specify in the report, and explain why this is so.

3. Thereafter, the issue on appeal should be readjudicated. If the benefit sought on appeal is not granted to the Veteran's satisfaction, he and his attorney should be provided with a supplemental statement of the case and afforded the appropriate opportunity to respond thereto.

The case should then be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the ultimate outcome of this case. The Veteran need take no action unless otherwise informed, and he has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).